## Case No. 2,233.

### BUTCHER v. TYSON.

[4 Hunt, Mer. Mag. 456.]

Circuit Court. Nov. Term, 1840.[1]

POWER OF ATTORNEY TO ENDORSE NOTES—EXTENT OF AUTHORITY.

[A power of attorney authorizing the endorsement of notes in the principal's name confines the authority to notes of the principal or those in which he is interested, and cannot be extended to notes for the benefit of the attorney or of a firm of which he is a member.]

The plaintiffs [William Butcher and Samuel Butcher] were the holders of a note drawn by George W. Tyson & Co. for $1,137.61, which was made payable to the defendant, David I. Tyson, and endorsed "David I. Tyson, per G. W. Tyson, Atty." The suit was brought against the defendant as the endorser of this note. [Judgment for defendant.]

On the trial the plaintiffs proved and gave in evidence a power of attorney from the defendant, David I. Tyson, duly executed

---

[1] [District not ascertainable.]

by him to George W. Tyson. The power was in the usual form for the transaction of business, for the collection of money, &c. It also contained a power or clause, in these words: "Also to draw and indorse checks, notes, and bills of exchange, in my name," &c. The endorsement in question was proved to be in the handwriting of George W. Tyson, the attorney, and to have been delivered by him to the agent of the plaintiffs.

On the cross-examination of the plaintiffs' witnesses, it appeared that the note was given in part payment for a bill of exchange that had been loaned to the firm of George W. Tyson & Co., by the plaintiffs, for the accommodation of that firm; that George W. Tyson, the attorney named in the power, was one of the firm of George W. Tyson & Co., and was the person who handed the note aforesaid to the agent of the plaintiffs; that George W. Tyson had at first given the agent other notes for the bill, and had afterwards substituted the note in question, among others, in lieu of the notes first given. Although some objection was raised as to the notification of the defendant as endorser of the note, the defendant's counsel rested their defence principally on the ground, that the power conferred no authority on the attorney to endorse this note; and they contended, that the endorsement of the defendant's name upon the note, being made by the attorney on a note not belonging to the defendant, or in which the defendant was interested, but on a note made by the firm of George W. Tyson & Co., of which firm the attorney was a member, and the endorsement being made by the attorney for the benefit of that firm, and not for the benefit of the defendant, or in relation to his business, it was not made in the due execution of the power delegated to the attorney, but was unauthorized and void; that from the nature of the transaction the plaintiffs were fully apprised that the endorsement was not authorized by the power; and they contended also that there was no consideration which could render the defendant liable under the money counts. The plaintiffs' counsel. on the other side. insisted that the power of attorney authorized the endorsement of the note.

But THE COURT, after observing that several questions of law were raised upon the case, declared that they considered the controlling point to rest in the construction of the power of attorney; and they decided that the true construction of the power confined the authority of the attorney to the transaction of the defendant's business only, and did not authorize the attorney, George W. Tyson, to endorse promissory notes, or bills of exchange, in the name of the defendant, for the satisfaction of the individual debts of the attorney, or of the firm of which he was a member, or for his or their benefit; and they gave judgment for the defendant.